[No. F005040. Fifth Dist. Aug. 9, 1985.]

COUNTY OF TULARE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
LESLIE CAIRES, Respondents.

## COUNSEL

Hanna, Brophy, MacLean, McAleer & Jensen and I. H. Hirsch for Petitioner.

Airola, Williams & Dietrich, Barry J. Williams, Richard W. Younkin, William B. Donohoe and Alvin R. Barrett for Respondents.

OPINION

**BROWN (G. A.), P. J.**—The County of Tulare (County), a self-insured employer, seeks review of a decision of the Workers' Compensation Appeals Board (Board) denying its petition for reconsideration of the workers' compensation judge's finding that the "going and coming rule" did not bar an award to respondent employee, Leslie Caires. Ms. Caires was injured in a single-car accident while driving her vehicle on the way to work for the County.

The germane facts in this case are not in substantial conflict. Leslie Caires was a supervisory secretary and division head for the County's building and planning department. The evidence established that Caires used her personal vehicle to fulfill her job responsibilities. The tasks she used her vehicle to perform were done primarily on an as-needed, but regular, basis and included procuring coffee supplies for the office, purchasing film, going to the post office to mail something or buy stamps, delivering reports to the board of supervisors' offices and taking material to the City of Farmersville. When Ms. Caires used her own car she was reimbursed for mileage, but she did not always submit reimbursement requests.

The department respondent worked for had two vehicles (vans) assigned to it for use by its employees. However, these vehicles were usually being used by the professional staff (planners) and were therefore unavailable to Ms. Caires. The county car pool was also available, but a reservation had to be made at least one day in advance in order to arrange the use of a pool car. The use of employees' cars to run errands, such as the ones Ms. Caires performed, was an acceptable alternative to the use of pool cars and, in fact, was encouraged by the County for short trips because it cost the County less than it would to use a pool car.

Although Ms. Caires was not expressly required to use her car for her job, she was assigned tasks which necessitated the use of a vehicle. Her supervisor was aware of Ms. Caires' use of her own car and approved reimbursement requests for its use.

The Board adopted the recommendation of the workers' compensation judge made on the petition for reconsideration, which stated in part: "I concluded that there was, by custom and usage, reliance by the employer upon applicant's using her car for various errands during the work day. Furthermore, based on the testimony of her supervisor, it was of economic benefit to the petitioner for a personal rather than a pool car to be used for such an errand . . . .

"It is true, as petitioner points out, that this case is not 'on all fours' with *Smith* and *Hinojosa,* in that here there was no expressed or absolute implied 'requirement' that she bring her car to perform her work, however, I submit that having her car available for errands had become an 'expectation' from past approved practice and founded on economic benefit to the employer. This, I submit, serves as the necessary link to compensability."

DISCUSSION

This case involves facts somewhat different than those present in the three leading cases dealing with the applicable exception to the "going and coming" rule. They are, in chronological order, *Smith* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 814 [73 Cal.Rptr. 253, 447 P.2d 365], *Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150 [104 Cal.Rptr. 456, 501 P.2d 1176], and *Hinson* v. *Workmen's Comp. Appeals Bd.* (1974) 42 Cal.App.3d 246 [116 Cal.Rptr. 792].

In *Smith* the petitioner's husband worked as a social worker for Ventura County. The employee's supervisor expressly required social workers to use their own cars to visit clients in the field. The employee was killed in a single-car accident while on his way to work one morning and his wife sought workers' compensation benefits for his death. The Board denied the benefits based on the going and coming rule. The Supreme Court reversed.

In explaining the limitation upon the going and coming rule in this context, the court said: "That limitation arises from the principle that an employee 'is performing service growing out of and incidental to his employment' (Lab. Code, § 3600) when he engages in conduct reasonably directed toward the fulfillment of his employer's requirements, performed for the benefit and advantage of the employer. Suspension of the employment relation and consequent non-coverage of the employee is incompatible with performance of service required by the employer. Hence the employer's requirement that the worker furnish a vehicle of transportation on the job curtails the application of the going and coming exclusion." (*Smith* v. *Workmen's Comp. App. Bd., supra,* 69 Cal.2d at pp. 819-820.)

In *Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d 150, the employee was a farm laborer who worked on several noncontiguous ranches of the employer. Upon completion of the work at one ranch, the employer would reassign the employees to work on a different ranch for the rest of the day. The workers were required to provide their own transportation between ranches during the day, thus necessitating the use of a car to carry out the requirements of the job. (*Id.,* at p. 152.) Because Hinojosa did not own a car, he arranged to ride with a coworker to and from work and

between ranches during the day. In return, Hinojosa agreed to pay the co-worker $3 per week to share the cost of operating the car. One day while on the way home from work the car Hinojosa had arranged to ride in was involved in an accident and he was injured. (*Id.*, at pp. 152-153.)

Reversing the Board, the court found *Smith* to be controlling and developed a "formula" to assist in determining whether or not compensation should be awarded in transit-suffered injuries where the going and coming rule was involved. The court stated this formula as follows: "In substance the courts have held non-compensable the injury that occurs during a local commute enroute to a fixed place of business at fixed hours in the absence of special or extraordinary circumstances. The decisions have thereby excluded the ordinary, local commute that marks the daily transit of the mass of workers to and from their jobs; the employment, there, plays no special role in the requisites of portage except the normal need of the presence of the person for the performance of the work.

"On the other hand, many situations do not involve local commutes enroute to fixed places of business at fixed hours. These are the extraordinary transits that vary from the norm because the employer requires a special, different transit, means of transit, or use of a car, for some particular reason of his own. When the employer gains that kind of a particular advantage, the job does more than call for routine transport to it; it plays a different role, bestowing a special benefit upon the employer by reason of the extraordinary circumstances. The employer's special request, his imposition of an unusual condition, removes the transit from the employee's choice or convenience and places it within the ambit of the employer's choice or convenience, restoring the employer-employee relationship." (*Id.*, at p. 157.)

Later in the opinion the court had this to say about the requirement for the use of a car being express or implied: "Although in the instant case the requirement for the car was implicit rather than express, the use of a vehicle can be 'an implied or express condition of . . . employment.' (*Huntsinger* v. *Glass Container Corp.* (1972) 22 Cal.App.3d 803, 809 [99 Cal.Rptr. 666].) The condition implicit in the employment itself dictated the use of car transport; no words of the employer were necessary; the situation, like res ipsa loquitur, spoke for itself." (*Id.*, at p. 161.)

In *Hinson* v. *Workmen's Comp. Appeals Bd.*, *supra*, 42 Cal.App.3d 246, a case decided by this court, Hinson was a tractor driver on a large ranch. Every morning the employee would drive his truck to the headquarters shop on the ranch and check in. The employer had a pickup truck at the shop which the foreman would use to drive the tractor drivers to the field. How-

ever, sometimes the tractor drivers would drive themselves to the field in their own vehicles when the foreman asked them to do so. The employee testified that the foreman would "rather" have the employees drive themselves and that when the employee did drive himself he could go directly home after work and did not have to make a trip back to the shop. Hinson was injured in a car accident on the way to work. The Board held that the injury was noncompensable by reason of the going and coming rule. This court affirmed.

Initially it must be noted that the *Hinson* court recognized that "While the question of whether Hinson was injured in the course of his employment is one of law, the subsidiary questions of whether he was required to use his own car as a condition of his employment, and whether the use of his car in going from the shop to his tractor was such a 'special' circumstance as to extend the employment relationship to the daily transit from and to his home, under the record before us, are questions of fact. There is substantial evidence in the record to support the board's decision." (*Id.*, at p. 251.) Thus, the court in *Hinson* merely found that there was substantial evidence to support the Board's determination that Hinson's use of his own vehicle was not a condition of his employment.

Further, the court distinguished *Hinojosa* by noting that Hinson "was not required to furnish his own transportation from the shop to the fields" while the employee in *Hinojosa* was. (*Hinson* v. *Workmen's Comp. Appeals Bd.*, *supra*, 42 Cal.App.3d at p. 250.) "We read *Hinojosa* to mean that an injury occurring during a particular transit from the home to the job is compensable when the transportation is accomplished by means imposed either as a condition of employment, such as the requirement that the employee use his own car during working hours, or that he use his own car at the special request of *or as an accommodation to his employer.*" (*Id.*, at p. 250, italics added.)

To summarize, *Smith* held the "going and coming rule" inapplicable where the employer expressly required the employee to use his vehicle as a condition of his employment. *Hinojosa* extended the *Smith* holding to apply to a situation where the nature of the job impliedly required the employee to arrange for his own transportation on the job in order to accomplish the purpose of the job. In *Hinson* the Board found that the use of the employee's vehicle on the job was not a condition of employment, that he was not required to furnish his own transportation from the shop to the field, and the Board drew reasonable inferences that the use of his car on the job was a matter of mutual convenience rather than for the particular advantage or benefit of the employer or as an accommodation to the employer.

In the case at bench, the referee found that it was not an express (*Smith*) or implied (*Hinojosa*) condition of employment that Ms. Caires bring her car to work to be used on the job. This appears to be a third variation in facts somewhat similar to *Hinson* but distinguishable.

The inferences drawn by the Board in *Hinson* are different from the inferences drawn in this case. In *Hinson,* the Board found no exception to "the going and coming rule." Here the Board found an exception applicable and afforded the employee coverage.

While the Board found there was no express or absolute requirement that Ms. Caires bring her car to work, by custom and practice the employer came to rely upon Ms. Caires using her car for various errands during the workday, and that having the car available for errands had become "an expectation" from past practices. In arriving at this conclusion, the court relied heavily upon the admitted facts that Ms. Caires, upon submission of claims, was reimbursed for mileage by the County when she used her vehicle, and that the use of personal cars to run errands was encouraged by the County because it cost the County less than it would to use pool cars. These latter facts clearly distinguish the case from *Hinson.*

*Hinson* would be closer to the case at bench if the employer there had not always had transportation readily available to transport the employees from the shop to the jobsite, if the employer had expected the employee to bring his own transportation, if the employee had been compensated for use of his own vehicle, and if it had been to the employer's economic advantage for the employee to use his own vehicle.

This case falls within the class of cases mentioned in *Hinson* where an employee uses his own vehicle "as an accommodation to his employer." (*Hinson* v. *Workmen's Comp. Appeals Bd., supra,* 42 Cal.App.3d at p. 250.) Such a classification implies that the employer benefits from such usage, and that while it is not a requirement of the job, it is an implicit expectation dictated by the job itself. (*Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d at pp. 157, 161.) Once an employee has impliedly agreed to accommodate the employer and use his own vehicle, the employer can reasonably come to rely upon its use and expect the employee to make the vehicle available on a regular basis while still not requiring it as a condition of employment. Added to this formulation is the reimbursement of the employee for mileage on the job and the fact the use of the employee's vehicle is to the economic advantage of the employer. Under such a state of facts, which is what we have in the instant case, the employee is performing services growing out of and incidental to his employment (Lab. Code, § 3600) when he brings his car to work and makes it available

for use on a regular basis. Accordingly, injuries suffered in the car while in transit to and from work are compensable.

Two further points made by the County deserve comment. First, the County argues that because Ms. Caires had submitted her notice of termination and was in the process of terminating her job responsibilities, she was no longer required to run errands. Therefore, the County argues that respondent could not have been bringing her car to work to make it available to the employer on the day she was injured. The problem with this argument is that it is not supported by the record. The County erroneously argues that Ms. Caires had the burden of proof on this issue. This is essentially a defensive assertion which petitioner itself would have to prove.

 Secondly, County argues that because Ms. Caires was a "division head" and could delegate the responsibility for performing the errands to other employees under her supervision, Ms. Caires' decision to perform the errands herself does not make her use of the car a part of her job responsibilities. The weakness in this argument is that if Ms. Caires did not do the job somebody else would have had to do it and that somebody else would have had to bring their car to perform their job. In other words, Ms. Caires was instructed to obtain a given result and left to a variety of means to achieve it. She chose to achieve the results by performing the job herself, and she should not be penalized for taking that course. (*Smith* v. *Workmen's Comp. Appeals Bd.*, *supra*, 69 Cal.2d at p. 821.)

Ms. Caires's request for attorneys' fees (Lab. Code, § 5801) is denied.

The award is affirmed. Costs in this proceeding are awarded to respondent Caires.

Hamlin, J., and Best, J., concurred.

Petitioner's application for review by the Supreme Court was denied October 17, 1985. Lucas, J., was of the opinion that the application should be granted.